PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* MARIANO REXACH, Defendant and Appellant.

No. 2684. Argued March 4, 1926.—Decided March 16, 1926.

*Fernando Gallardo* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

Mr. Justice Franco Soto delivered the opinion of the court.

This is an appeal from a judgment sentencing the defendant to six months in jail on conviction for the crime of petit larceny.

The appellant assigns error as follows:

"1. The court erred in overruling the demurrer that, the complaint did not allege facts sufficient to charge the defendant with a public crime.

"2. The court erred in allowing Casimiro Ríos to testify about matters told to him by a person other than the defendant.

"3. The court erred in overruling a motion by the defendant for his peremptory acquittal.

"4. The court erred in finding the defendant guilty of the crime of petit larceny and sentencing him to six months in jail."

 The complaint demurred to for lack of facts sufficient to charge the defendant with a public crime reads in part as follows:

". . . the said accused then and there, unlawfully, wilfully, and maliciously and with criminal intent, carried away a black hog worth $18 which was the property of Santiago Figueroa."

The complaint as drafted is good. It states clearly that the hog belonged to Santiago Figueroa, and the jurisprudence of this court is that in a complaint the Spanish word *"sustraer"* is "a sufficient equivalent of one or more of the English words 'taking,' 'carrying,' 'leading or driving away,' and no objection can properly be made to its use." *People v. Paris,* 25 P.R.R. 103.

 Another error is assigned to the court in its admitting the testimony of Casimiro Ríos that Basilio Díaz informed him in the presence of the accused that the latter "had offered to sell him the hog for eight dollars." The defense moved that this part of the testimony be stricken out on the ground that it was hearsay, and to the overruling of that

motion by the court the defense excepted. As the accused admitted in his testimony that he had the hog for sale in the market of Santurce, offering it for fourteen dollars, and that Basilio Díaz offered him eight dollars for it, we do not see under the circumstances that if there was any error in the ruling of the lower court it was prejudicial to the accused.

The last two assignments of error refer to the weighing of the evidence, and in our judgment it is sufficient to support the judgment. It not only tended to establish the possession of the hog by the defendant, but his explanation that his godmother gave it to him when it was a pig was not believed by the trial judge, who undoubtedly took into account the fact that the complainant identified the hog as the one that had been stolen from him. Therefore, the opportunity that was given to the accused to explain the possession of the stolen property raised a conflict in the evidence which was decided by the trial judge against the defendant.

The mere possession of stolen property is discussed in the case of *People* v. *Laureano,* 20 P.R.R. 7, and it does not seem that possession alone constitutes the crime of larceny. It is stated there that the California cases hold that the possession of property soon after the theft is a suspicious fact which, concurring with other circumstances, places on the defendant the burden of explaining it. The authorities are cited and it is further said:

"In the Vidal case, *supra,* it was laid down that when defendant was found in the possession of a recently stolen mare slight corroborative evidence of other inculpatory acts was sufficient to submit the case to the jury. One of the additional facts which has been held to be sufficient to convict a person in possession of recently stolen goods is his failure to explain, when given an opportunity to do so. *Thomason* v. *State,* 41 S.W. 638; *State* v. *Marshall,* 74 N.W. 763; *State* v. *King,* 96 N.W. 712. 25 Cyc. 138." *People* v. *Laureano,* 20 P.R.R. 10.

For the foregoing reasons the judgment appealed from must be affirmed.